UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LINDA AKERMAN,<br>Plaintiff, | : | CIVIL ACTION<br>NO. 3:01 CV 554 (SRU) |
| | : | |
| V. | : | |
| | : | |
| TOWN OF WEST HARTFORD,<br>Defendant. | : | DECEMBER 31, 2003 |

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, Town of West Hartford (the "Town"), has moved this Court for an order of

judgment in its favor on the plaintiff's Complaint, as the undisputed material evidence fails to

support the plaintiff's allegations of employment discrimination and retaliation. Pursuant to

L.Civ.R. 7(d), the Town files the present memorandum of law in reply to the factual claims and

legal arguments raised in the plaintiff's Statement of Facts and Memorandum of Law in Opposition

to Defendant's Motion for Summary Judgment dated November 18, 2003 (the "Memo in

Opposition"). The plaintiff has failed to demonstrate a genuine issue of material facts as to her

claims.

**I.     THE PLAINTIFF WAS REQUIRED TO EXHAUST HER REMEDIES UNDER HER
        COLLECTIVE BARGAINING AGREMENT AND THE TOWN'S PERSONNEL
        RULES.**

The plaintiff's argument that the grievance procedures in the Collective Bargaining

Agreement and Personnel Rules need not be complied with because of Conn. Gen. Stat. § 31-51bb

is incorrect. (Memo in Opposition, p. 29.) Conn. Gen. Stat. § 31-51bb provides that "[n]o

employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action

arising under ... a state statute solely because the employee is covered by a collective bargaining

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

agreement." The Connecticut Supreme Court has held that under § 31-51bb, "an employee who does not exhaust the grievance procedures established in a collective bargaining agreement may pursue a cause of action in the Superior Court if the cause of action is premised on an independent statutory claim." Genovese v. Gallo Wine Merchants, Inc., 226 Conn. 475, 481, 628 A.2d 946 (1993). However, the exhaustion requirement is retained "in cases in which the plaintiff's claim arises from a right dependent on the provisions of the collective bargaining agreement." Id. at 482 n. 8. In this case, the plaintiff alleges that she was treated unfairly with regard to her rates of pay, ability to train for a promotional exam, and use of sick leave. Each these areas are governed by both the plaintiff's Collective Bargaining Agreement (the "CBA")and the Town's Personnel Rules. (See Def.Ex. 2, p. 29; Def.Ex.1.) As such, the plaintiff was required to abide by the grievance procedures established under the CBA, and her failure to do so is fatal to her claims.

By its plain language, § 31-51bb does not apply to personnel rules that are not a part of a collective bargaining agreement. Thus, nothing in that statute indicates that exhaustion of remedies under personnel rules cannot be a condition precedent to bringing suit. Moreover, Connecticut courts have held that where rights are conferred by an employer's rules, the procedures for enforcing those rules must be followed, or a claim is precluded. See, e.g., Neiman v. Yale University, 2002 WL 31304131, *7, 33 Conn. L. Rptr. 245 (Conn.Super., Sep 17, 2002)(copy attached hereto as Exh. A).

## II.     CONN. GEN. STAT. § 46A-60(A)(7)(E) DOES NOT REQUIRE ANY EFFORTS WHERE NO SUITABLE POSITION EXISTS.

The plaintiff's textual argument that an employer may be held liable under Conn. Gen. Stat. § 46a-60(a)(7)(E) for failing to transfer an employee where no suitable temporary position exists is

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

unfounded, and is not supported by the text of the statute. (Memo in Opposition, p. 31.) § 46a-60(a)(7)(E) states:

> It shall be a discriminatory practice in violation of this section…[f]or an employer…to fail or refuse to make a reasonable effort to transfer a pregnant employee to any suitable temporary position which may be available in any case in which an employee gives written notice of her pregnancy to her employer and the employer or pregnant employee reasonably believes that continued employment in the position held by the pregnant employee may cause injury to the employee or fetus.

The plaintiff argues that the disjunctive "or" used in the second line above means that an employer can violate the law by either failing to transfer an employee to any suitable position, or by simply refusing to make a reasonable effort to transfer an employee, regardless of whether or not a "suitable temporary position" exists.

In fact, the language of the statute is clear on its face. An employer violates the statute by either failing to make a reasonable effort to transfer a pregnant employee to any suitable temporary position or refusing to make a reasonable effort to transfer a pregnant employee to any suitable temporary position. The term "refuse" modifies the clause that immediately follows it: "to make a reasonable effort to transfer a pregnant employee to any suitable temporary position." Similarly, term "fail" modifies this clause as well. The legislature could have drafted the statute to require employers to make a reasonable effort to *locate* a suitable position, rather than to *transfer* a worker to a suitable position. By using the term "transfer," the legislature recognized that the obligation of a reasonable effort was only applicable if a suitable temporary position existed. As demonstrated below, the plaintiff cannot show that a suitable temporary position existed prior to the time she was offered a position in Leisure Services on August 10, 1999. Therefore, she cannot prevail under Conn. Gen. Stat. § 46a-60(a)(7)(E) and summary judgment is therefore appropriate.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

III.    **THERE IS NO EVIDENCE TO SUPPORT THE PLAINTIFF'S CONTENTION THAT THE TOWN VIOLATED CONN. GEN. STAT. § 46A-60(A)(7)(E).**

In her Memo in Opposition, the plaintiff attempts to survive summary judgment by arguing for a more burdensome standard to be placed on the defendant than the one imposed by Conn. Gen. Stat. § 46a-60(a)(7)(E). (Memo in Opposition, pp. 11-18, 33-38.) An employer's obligation under that statute is to make a "reasonable effort" to "transfer a pregnant employee to any suitable temporary position which may be available." In fact, the Town went above and beyond this obligation, but was not required to create a new position for the plaintiff. The plaintiff has not produced any credible evidence that that a suitable temporary position was available for transfer, as the statute requires. Further, the evidence demonstrates that the Town made a reasonable effort to locate a suitable temporary position for the plaintiff. The statute does not require an employer to create a position for a pregnant employee or to place an employee in a position for which that pregnant employee not qualified. See Fenn Manuf. v. Comm'n on Human Rights and Opportunities, 1994 WL 51143, *21 (Conn. Super., Feb. 8, 1994).

It is not disputed that the plaintiff was, in fact, transferred to not one, but two alternative positions within the Town due to her pregnancy. (Memo in Opposition, pp. 12-13.) Further, the Town ultimately created a part-time position for the plaintiff within the Department working on a "cut and paste" assignment which had been previously performed by Assistant Chief Sinsigalli in his "spare time," and which clearly did not necessitate a separate position. (Def.Ex. 11, p. 29; Def.Ex. 9, p. 24.) The plaintiff's first transfer position was located for the plaintiff within just over a month of the plaintiff's notification to the Department that she was pregnant and required a transfer. Id. These facts alone demonstrate that reasonable efforts were made by the Town to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

transfer the plaintiff. Moreover, it is undisputed that Chief Austin "checked with every department head in town about vacancies" and discussed his search for a position at a meeting of Town managers between July 2, 2003 and July 19, 2003.[1] (Def.Ex. 6, p. 29; Memo. in Opposition, p. 33.) This step alone demonstrates a thorough search by Chief Austin. By checking with every department head, and equipped with his own knowledge of the Department and its work availability, Chief Austin had surveyed every possible temporary position in Town. (See Def.Ex 3, ¶26.) These efforts paid off soon thereafter, when a position was located in the Town's Leisure Services Department.

Further, the arguments raised by the plaintiff on pages 33-34 of her Memo in Opposition lend no support to her contentions that reasonable efforts were not made to locate a suitable temporary position. The plaintiff attempts to cloud the real issue by arguing that Chief Austin did not contact Laurie Murray about an alternative position. This is irrelevant, because it is undisputed that Chief Austin notified the head of Ms. Murray's department of his search for a position. Thus, Chief Austin gave notice to the individual in her department most capable of securing a transfer position for the plaintiff.

The plaintiff alleges that Austin did not speak to assistant Chiefs Allyn, Hurley or Munsell regarding available work in the Department. (Memo in Opposition, pp. 11, 33.) However, this contention is false and misleading. As a threshold matter, as head of the Department, Chief Austin certainly cannot be expected to verify with his subordinates that with which he is intimately familiar: the availability of work in the Department. Despite this, Chief Austin did speak to Assistant Chiefs Allyn, Munsell and Sinsigalli about possible openings. (Def.Ex.6, pp. 33-34, 38-

---

[1] The plaintiff also admits that Chief Austin spoke to Susan Halstead-Farr, Director of the Human Services

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

39, 41.) Assistant Chief Allyn states that he knew Chief Austin was looking for a position to transfer the plaintiff to, and was in fact involved in that search. (Def.Ex. 4, pp. 46.)   Thus, Assistant Chief Allyn clearly knew that a position was being sought for the plaintiff. Whether or not Chief Austin spoke to Assistant Chief Hurley about a transfer position is of no import, because Assistant Chief Hurley had just begun at the Department on July 1, 1999, and thus would not have knowledge of available work. (Def.Ex. 5, p. 5.)

Thus, it is clear from the above that the Town undertook efforts that were more than reasonable in order to locate a suitable transfer position. However, the Court should not reach that issue in this case, because no suitable position was available to transfer the plaintiff to, regardless of the Town's efforts to locate such a position. The plaintiff has the burden of introducing evidence sufficient to demonstrate a genuine issue of material fact as to whether a suitable temporary position existed at the time of her pregnancy. Without such evidence, the efforts of the Town do not enter the equation. In fact, the Town has produced evidence that no such position existed between July 2, 1999 and when a position was located in the Leisure Services Department in early August 1999. Chief Austin reviewed the Department's internal work availability and checked with all the department heads regarding an opening in their departments. By doing so, he canvassed every possible suitable alternative position within the Town and could locate none until early August 1999.

The plaintiff does not identify any suitable available positions outside the Department, but rather suggests that "work" did exist within the Department. (Memo in Opposition, p. 37.) As evidence of this, she points to Chief Austin's testimony that "work is always available" in the

Department regarding the opening. (Memo in Opposition, p. 33.)

6

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Department and her assertion that both Judge Wetstone[2] and herself had "identified work that the plaintiff was capable of performing within the Department." Id. In fact, Judge Wetstone's testimony did not identify any plausible alternative work within the Department. Her testimony relates to the possibility of the plaintiff serving as a Fire Marshal, but Judge Wetstone conceded that the plaintiff was precluded from obtaining the training required for that position due to her lack of seniority. (Def.Ex. 17, p. 87.) Moreover, the fact that "work" may have existed in the Department certainly does not mean that a position existed. In any organization, a floor always needs mopping, papers always need filing, and printers frequently need paper to be added. However, such "work" does not necessitate the creation of a new position, and there is no absolutely no evidence that the male firefighters who plaintiff claims "were given this work" "in the past" performed the amount and type of work that the plaintiff asserts was available during the period between July 2, 1999 and August 10, 1999. (See Memo. in Opposition, pp. 19-20.) Instead, the plaintiff simply makes the conclusory statement that "in the past, male firefighters were given this work." (Memo in Opposition, p. 38.) It is particularly important to remember that another pregnant firefighter, Ms. Peckham-Cox, had recently been performing work in the Department's office, and had exhausted any work that was previously available there. (See Def.Ex. 6, p. 38; Def.Ex. 3, ¶28; Def.Ex. 17, p. 88.)

The plaintiff also attempts to create a genuine issue of material fact by arguing that the "Life Safety Code" project was available for her to complete. (Memo in Opposition, p. 17.) However, as is clear from Chief Austin's testimony, the project had no real value to the Department, and certainly did not merit a full time temporary position. (Def.Ex. 3, ¶58.) This is further evidenced

---

[2] It is noteworthy that Judge Wetstone is not and was not a member of the Department and, consequently, is

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

by the fact that Assistant Chief Sinsigalli had been performing this work in his "spare time." (Def.Ex. 9, p. 24.) The project merely involved merging two documents into one to make it easier for Department members to reference. Id. Thus the project had no urgency, and there was no real need for its completion. Similarly, though the Department might have also been improved by a fresh coat of paint, it would be unfair to say that the Department had a temporary position open for a painter. When the plaintiff was eventually assigned this project, the Town went above and beyond its obligation under Conn. Gen. Stat. 46a-60(a)(7)(E) and created a part-time temporary position as an accommodation to the plaintiff even though the workload did not merit such a position.

The plaintiff also attempts convince the Court that an available position existed teaching the "Refresher Course." However, the plaintiff does not dispute that she failed to apply for this position despite receiving an email notifying her of this opening. (See Memo in Opposition, pp. 14, 34 n.48; Def.Ex. 11, pp. 192, 200-01.) The plaintiff also does not dispute that Town management is generally prohibited from directly soliciting unionized employees. (Def.Ex. 11, pp. 200.) It is also undisputed that the Union had threatened to file a Management Prohibitive Practice complaint against the Town if employees were spoken to one-on-one or were solicited for the position. (Def.Ex. 5, p. 38; Def.Ex. 11, p. 201; Def.Ex. 3, ¶ 53.) Therefore, there is no genuine issue of material fact as to whether this position qualified as suitable and available.

The plaintiff does not point to any other evidence that in any way suggests that sufficient work light duty work existed within the Department to merit a position. As such, there is no genuine issue of material fact as to whether there was a position available within the Department.

not familiar with internal work availability.

8

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Though plaintiff argues that "the facts demonstrate" that sufficient work existed within the Department to create a position for her, she makes this argument without citing sufficient evidence to support her contentions.

## IV.    THERE IS NO EVIDENCE TO SUPPORT THE PLAINTIFF'S CONTENTION THAT THE TOWN DISCRIMINATED AGAINST THE PLAINTIFF BECAUSE OF HER GENDER.

The plaintiff's efforts to reconcile her claims of gender discrimination with the fact that two pregnant women were previously transferred by the Town fails plainly. (See Memo in Opposition, p. 20-23.) The plaintiff has admitted that the Department "has twice in the past found a non-hazardous assignment for a pregnant firefighter when it was requested." (Def.Ex. 29, ¶ 9.) In an attempt to factually distinguish the cases of Kimberly Peckham-Cox and Trish Gray Forrester, the plaintiff argues that "the defendant demonstrated a clear unwillingness to accommodate any of its employees until their pregnancies were so advanced as to make it not possible or practical for them to be on the line." (Memo in Opposition, p. 44.) However, an examination of the uncontroverted testimony in this case mandates a different conclusion. Ms. Cox requested that she be transferred by May 1, 1999. This request was fully complied with. (Def.Ex. 8; Def.Ex. 7, p. 54; Def.Ex. 6, p. 53.) Further, Ms. Forrester was offered a position within two days of her request. (Def.Ex. 3, ¶ 20; Def. Ex. 10.) Thus, the fact that transfer positions have been located for male employees in no way gives rise to an inference of discrimination.

The plaintiff also argues that the Town's treatment of her relating to her use of sick time constituted gender discrimination. (Memo in Opposition, p. 42.) However, this claim was not timely brought before the CHRO, and, regardless, the plaintiff was credited with all sick days used while her disability status was pending, thus suffering no loss as a result. (See Conn. Gen. Stat. §

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

46a-82(e); Def.Ex. 28.) The claims of the plaintiff related to her sick time are therefore appropriate for summary judgment.

## V.     THERE IS NO EVIDENCE TO SUPPORT THE PLAINTIFF'S CONTENTION THAT THE TOWN RETALIATED AGAINST THE PLAINTIFF BECAUSE OF HER COMPLAINTS.

The plaintiff's retaliation claim is absurd in that it is contrary to all the evidence cited by either party, including the plaintiff's own deposition testimony, and, is contrary to the plaintiff's own Complaint. The plaintiff alleges that she was retaliated against as a result of her July 19, 1999 meeting in which she "told [Chief Austin] that she was going to consider legal action," and as a result of her filing a complaint with the Connecticut Commission on Human Rights and Opportunities on August 9, 2003. (Amended Complaint, Counts Three and Four.) However, she cannot explain why the very act complained of, a failure to transfer her, ceased the day after she filed her CHRO complaint. In fact, the plaintiff was offered three positions *after, and not before,* her alleged complaints. This is corroborated by the plaintiff's own testimony that a position was located for her *because* she complained. (Def.Ex. 11, p. 120-21.)

Accordingly, because the plaintiff has testified that she was actually transferred because she complained, and because two positions were located for her after she complained, one the day after she filed her CHRO complaint, there is no genuine issue of material fact as to whether the plaintiff was retaliated against for her alleged complaints, and summary judgment is appropriate with regard to Counts Three and Four of the plaintiff's Amended Complaint.

## VI.    CONCLUSION

Because there are no facts supporting the plaintiff's claims, the defendant is entitled to summary judgment on all counts as a matter of law.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT,
TOWN OF WEST HARTFORD

BY _____

JAMES M. SCONZO
Fed. Bar #ct04571
JONATHAN C. STERLING
Fed. Bar #ct24576
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## **CERTIFICATION**

    This is to certify that on this 31st day of December 2003, I hereby mailed via first class mail
a copy of the foregoing to:

Ruth Pulda, Esq.
Deorah L. McKenna, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT  06105-2922

_____
Jonathan C. Sterling

488201.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105